REQUESTED BY: Dear Senator Carsten:
You ask that we review Req. 2796, pp. 1159, et seq., Legislative Journal, 1979, which are committee amendments to LB 285 now on general file. You have asked that we review the amendments to see if there are any constitutional or technical problems with the bill. In addition, you ask as to review the bill for language which seems unclear or confusing.
We have reviewed the proposed amendments as you have requested. With respect to any constitutional problems, the amendments to LB 285 are simply an expanded version of LB 1, Eighty-fifth Legislature, First Special Session, 1977. As you are aware, we have previously issued opinions stating that the legislature is acting within its constitutional authority when it adopts legislation imposing a limitation upon budget increases by local political subdivisions. To that extent we adhere to the views expressed in those previous opinions.
However, there is an apparent problem in section 16 on page 1162, lines 16 through 19. That section generally deals with situations in which a political subdivision may exceed the percentage limitation generally established for the bill. The particular language to which we refer authorizes the local political subdivision governing board and the Auditor of Public Accounts to approve the method of determining population increase. The provision to which we point provides:
 ". . . [P]opulation shall be determined by census or population projections approved by the governing body of the political subdivision and the Auditor of Public Accounts. . . ."
No guidelines are established by that language upon which the local governing body or the Auditor of Public Accounts should act. There are a variety of population projections, a variety of census data, and any number of statistical approaches that may be utilized in projecting or determining the current population of a political subdivision. While we do not believe that the language utilized is clearly unconstitutional, it would seem that the better practice would be to establish some standards by which the governing body and the Auditor of Public Accounts are to make the determinations which are required under this provision. If such standards are not established in the act, we would envision the possibility of similarly situated political subdivisions adopting different standards for determining current population increases which would, of course, authorize different levels of budget increase in excess of the limitation provided by the act.
In section 18 on page 1163(2), lines 20-21, the amendments provide that an election authorized by section 18 to exceed the limitation imposed by the act may be held upon resolution of the governing board. The election to exceed the limitation is required to be held prior to August 1 preceding the year in which the taxes will be levied to fund such budget. Section 77-1601, R.R.S. 1943, in part provides that:
 ". . . [T]he county board of equalization shall each year on or before September 1, levy the necessary taxes for the current year. . . ."
As we read the language of section 18 the election to exceed the budget limitation would have to be held before August 1 of the calendar year preceding the date of levy. In addition, a variety of definitions are provided within the act with respect to the meaning of particular phrases. Section 5 defines current fiscal year, section 6, prior fiscal years, section 7, ensuing fiscal year. Nowhere is `the prior year' defined. Since that is the case, it must be given its normal meaning; that is, going before in time, order or arrangement. For instance, under this provision, should a political subdivision wish to hold an election to exceed its budget for the fiscal year 1980-81, the election to exceed the budget would be required to be held during the calendar year 1979 prior to August 1. The problem in the language here arises because of the fact that taxes are levied in September of each calendar year and become due and payable on January 1 of the following calendar year and fund both the current fiscal year and the ensuing fiscal year budgets. Thus, as a practical matter, it would appear that this section is inoperative as a method for exceeding the fiscal year budget limit established by the act.
While we do not purport to have exhaustively reviewed every possible problem with the language contained in the proposed amendments to LB 285, it is our opinion that in all other respects it is constitutionally proper and contains no glaring technical errors.